# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JASON PRICE,<br><br>      Plaintiff,<br><br>v.<br><br>WORLDPAC, INC.,<br><br>      Defendant. | CIVIL ACTION FILE<br>NO. 1:25-cv-01386-SDG |

## DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT, WITH INCORPORATED MEMORANDUM OF LAW

Defendant Worldpac, LLC, erroneously identified as Worldpac, Inc.[1], ("Defendant" or "Worldpac"), by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure 9 and 12 as well as this Court's Standing Order Regarding Civil Litigation Section II (b), hereby submits its Motion to Dismiss, or, in the alternative, Motion for More Definite Statement, with incorporated Memorandum of Law in support thereof ("Motion") showing the Court as follows:

---

[1] Worldpac, Inc. is not the real party in interest to this litigation. The real party in interest, to the extent Worldpac has any liability for Plaintiff's claims, which it emphatically denies, is Worldpac, LLC. Worldpac, Inc. was converted to a limited liability company – Worldpac, LLC – on November 4, 2024. *See* Dkt. 1, Ex. 1.

1

**PRELIMINARY STATEMENT**

Plaintiff, Jason Price ("Plaintiff" or "Price"), is a former Worldpac employee[2] seeking relief from this Court on claims which are either preempted or improperly before this Court. The Petition for Damages (the "Petition") alleges five difficult-to-decipher claims – all of which fail to state a claim upon which relief may be granted. Thus, his claims should be dismissed. To the extent dismissal is not warranted, Worldpac respectfully asks that this Court order Plaintiff to amend his Petition to provide a more definite statement of his claims.

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed his Petition, *pro se,* in the State Court of Fulton County, Georgia, on August 29, 2024. Therein, the Petition attempted to assert five causes of action against Worldpac: 1) Unlawful Directives under O.C.G.A. § 34-7-20; 2) Unsafe Work Environment under O.C.G.A. § 34-2-10; 3) Toxic Work Environment under O.C.G.A. § 34-7-20; 4) Assault and Battery under O.C.G.A. § 51-1-13; and 5) Fraudulent Misrepresentation to the Department of Labor under O.C.G.A. § 51-6-1. *See* Dkt. 1, Ex. 2. Plaintiff served the Petition on Worldpac on February 13,

---

[2] Plaintiff was employed by Worldpac until February 7, 2024, when he was terminated for causing a car accident and failing to report the damage in violation of Worldpac policy. Due to prior violations and the severity of failing to report such a serious incident, Plaintiff was immediately terminated in accordance with WoldPac's policies and procedures.

2

2024. *See* Dkt. 1, Ex. 2. Worldpac thereafter filed its Notice of Removal in this Court on March 17, 2025. Dkt. 1.

As pleaded, Counts I (Unlawful Directives), II (Unsafe Work Environment), III (Toxic Work Environment), and IV (Assault and Battery) of Plaintiff's Petition are preempted and barred by Georgia's worker compensation laws. Count V (Fraudulent Misrepresentation to the Department of Labor) is also barred for Plaintiff's failure to exhaust administrative remedies. Furthermore, all five counts fail to state a plausible claim for relief.

While *pro se* Plaintiffs are given latitude when pleading, they must still coherently assert facts which could entitle them to relief. *Gitau v. Little River Cap.*, No. 1:21-CV-00798-AT-RDC, 2021 WL 12300101, at *3 (N.D. Ga. Sept. 21, 2021) ("The leniency provided to pro se filings also does not allow the Court to serve as de facto counsel for the plaintiff or to rewrite a deficient complaint in order to state a claim."). Because there are no set of facts which would entitled Plaintiff to relief, his claims must be dismissed.

## ARGUMENT

### I.   Motion to Dismiss Standard

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While detailed factual allegations are not required, a Plaintiff must plead more "an

unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id*. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.; Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.,* 77 F.3d 364, 367 (11th Cir. 1996) ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.").

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.; Adinolfe v. United Techs. Corp.,* 768 F.3d 1161, 1169 (11th Cir. 2014).  In making these determinations, the Court need not accept as true Plaintiff's legal conclusions, including those couched as factual allegations. *Barnes v. AstraZeneca Pharms. LP,* 253 F. Supp. 3d 1168, 1172 (N.D. Ga. 2017) (dismissing the complaint when the Plaintiff "appear[ed] not to know what law applie[d] to her claims").

Here, even accepting Plaintiff's allegations as true in his Petition, the Petition cannot state a claim for relief. As elaborated below, Counts I (Unlawful Directives), II (Unsafe Work Environment), III (Toxic Work Environment), and IV (Assault and

4

Battery) are preempted and barred by Georgia's worker compensation laws. Count V (Fraudulent Misrepresentation to the Department of Labor) is barred for Plaintiff's failure to exhaust administrative remedies.

**II.    All five causes of action are barred by Plaintiff's failure to proceed under correct Georgia laws.**

The Petition fails to put forth any plausible cause of action because his claims are all barred as a matter of law. Because there are *no* facts which could support any of Plaintiff's claims, the Petition should be dismissed.

**A. Plaintiff's Counts I, II, III, and IV, as currently pleaded, are preempted by Georgia worker's compensation laws.**

Plaintiff's Petition and claims center around an alleged physical injury he sustained in the workplace as a result of Defendant's alleged actions. However, such actions against Worldpac are barred under the Georgia Worker's Compensation Act. O.C.G.A. § 33-9-11.

O.C.G.A. § 33-9-11 explicitly provides that its provisions are the exclusive right and remedy of employees to bring causes of action against employers for injuries in the workplace. O.C.G.A. § 33-9-11; s*ee Dowis v. Mud Slinger Concrete, Inc.*, 269 Ga. App. 805, 805 (2004) (collecting Georgia cases) ("Therefore, the exclusive remedy of the Georgia Workers' Compensation Act precludes the Plaintiffs from any civil tort action against the Defendants[.]"). Thus, Worldpac is

immune from liability for any tort action by Defendant for alleged injuries sustained in the workplace. *Id.*

Because no set of facts would entitle Plaintiff to relief due to preemption by Georgia state law, Worldpac asks this Court to dismiss Counts I, II, III, and IV. *Wright*, 2024 WL 2746756, at *3 (noting that pro se plaintiff need not be given the opportunity to amend his pleading when "even a more carefully crafted [pleading] would not state a claim.").

### B. Plaintiff's Count V fails because Plaintiff did not pursue or exhaust his administrative remedies.

Plaintiff's Count V for "fraudulent misrepresentation to the Department of Labor" asserts that Plaintiff was "wrongfully denied unemployment benefits as a result of [Worldpac]'s fraudulent actions." (Pet., ¶ 27). In reality, Count V is an attempt to litigate Plaintiff's claim for unemployment insurance benefits. Because this is the improper venue to do so, Count V fails as a matter of law.

Under Georgia law, an employee cannot seek judicial review of an unemployment insurance decision by the Department of Labor without previously exhausting all administrative remedies available. O.C.G.A. § 34-8-223; *Williams v. Paulson*, No. 1:06-CV-0876-CC-AJB, 2007 WL 9652983, at *26 (N.D. Ga. Dec. 24, 2007). When administrative remedies have not been shown to have been exhausted, dismissal is appropriate. *Reid v. City of Albany*, 276 Ga. App. 171, 173 (2005) (affirming dismissal when the plaintiff had not yet exhausted the administrative

remedies relating to his unemployment insurance claim.). Moreover, civil actions seeking judicial review of unemployment insurance decisions must be brought against the Georgia Commissioner of Labor – not the employer. *Williams,* 2007 WL 9652983, at *26.

Assuming, *arguendo*, Plaintiff exhausted the applicable administrative remedies concerning his unemployment insurance benefits, judicial review is not appropriate because Plaintiff would lack standing due to the absence of a justiciable case or controversy. *Harris v. Evans*, 20 F.3d 1118, 1121 (11th Cir. 1994) (stating that there must be a justiciable case or controversy for the Court to exercise jurisdiction). Furthermore, his claim would also be barred by collateral estoppel, as any decision in the unemployment decision would preclude this Court from ruling on the same issue. *Swain v. State*, 251 Ga. App. 110, 113 (2001) (noting the collateral estoppel effect that administrative decisions may have in subsequent judicial proceedings).

Because no set of facts would allow Plaintiff to proceed against Defendant for Count V, Worldpac asks this Court to dismiss Count V.

### III. All five causes of action must be dismissed for failure to state a claim upon which relief may be granted or in the alternative, Plaintiff must amend his Petition to provide a more definite statement of his claims.

In addition to being legally barred, as described in Section I of this Motion, each of Plaintiff's five counts should be dismissed because each fails to state a claim for the reasons stated below. Mindful the Plaintiff is *pro* se – in the alternative, Plaintiff should be required to amend his Petition to provide a more definite statement of his claims pursuant to Rule 12(e).

#### 1. Count I: Unlawful Directives

Plaintiff's first cause of action alleges that Worldpac "coerc[ed] Plaintiff to engage in illegal activities" in violation of O.C.G.A. § 34-7-20, which Plaintiff alleges "prohibits employers from requiring employees to perform illegal acts." (Pet., ¶ 13). Plaintiff further alleges he suffered physical injuries – among others – as a result of Worldpac's alleged actions.

Contrary to Plaintiff's assertions, O.C.G.A. § 34-7-20, does not "prohibit employers from requiring employees to perform illegal acts." (Pet., ¶ 14). Instead, O.C.G.A. § 34-7-20 concerns an employer's duty to hire and retain knowledgeable employees and to use care in operating machinery. O.C.G.A. § 34-7-20; *see generally Parry v. Davison-Paxon Co.*, 87 Ga. App. 51, 56 (1952) (explaining a cause of action is based on "the selection of incompetent servants…[and] will

8

4911-2216-8614 v.11

authorize a cause of action in favor of any person who is injured as the direct and proximate result thereof").

Because Plaintiff relies on law contradictory to his cause of action, Defendant is unable to properly put forth a defense or frame a response to Count I without guessing what claim Plaintiff is attempting to plead or allege. *See Barnes v. AstraZeneca Pharms. LP*, 253 F. Supp. 3d 1168, 1172 (N.D. Ga. 2017) (dismissing the complaint when the plaintiff "appear[ed] not to know what law applie[d] to her claims").

Assuming, *arguendo*, Plaintiff properly pleaded the right statute – which he did not – Plaintiff failed to properly plead causation aside from conclusory allegations of Worldpac's liability. *See Barnes,* 253 F. Supp. 3d at 1173 (noting that a claim cannot survive when the plaintiff list[s] out the elements…and draw[s] a wish-for conclusion"). Such conclusory allegations are inappropriate and need not be accepted as true for purposes of this Motion. *Iqbal*, 556 U.S. at 680.

Because there is no plausible cause of action based on the facts as pleaded, Count I should be dismissed. To the extent dismissal is inappropriate, Worldpac asks this Court to order Plaintiff to provide a more definite statement in Count I to properly plead a cause of action and the necessary elements of that cause of action.

4911-2216-8614 v.11

### *2. Count II: Unsafe Work Environment*

Plaintiff alleges in Count II that Defendant failed to provide a safe working environment and properly maintain vehicles under O.C.G.A. § 34-2-10. (Pet., ¶¶ 16-18.). However, Count II should be dismissed because it does not allege a plausible claim.

First, O.C.G.A. § 34-2-10 does not provide a private right of action upon which Plaintiff can rely to support his claim. Because there is no private cause of action provided in O.C.G.A. § 34-2-10, the statute cannot lay the foundation for Plaintiff's claim. *See State Farm Mut. Auto. Ins. Co. v. Hernandez Auto Painting & Body Works, Inc.*, 312 Ga. App. 756, 761 (2011) (noting that the statutory text must expressly provide a cause of action to entitle the plaintiff to a remedy under the statute); *Snow v. Bellamy Mfg. & Repair*, No. CIV.A1:94-CV-957-JTC, 1995 WL 867859, at *11 (N.D. Ga. Sept. 26, 1995) ("Plaintiff cites no Georgia authority for the proposition that O.C.G.A. § 34–2–10, the duty of a property owner to provide a safe workplace, grants a private remedy for those injured apart from a claim of negligence.").

Similar to Count I, Plaintiff only makes conclusory allegations that Defendant failed to provide a safe work environment and failed to properly maintain vehicles without alleging any supporting facts in his Petition. *Barnes,* 253 F. Supp. 3d at 1173 (noting that a claim cannot survive when the plaintiff list[s] out the elements…and

draw[s] a wished-for conclusion"). Such conclusory allegations are inappropriate and need not be accepted as true for purposes of this Motion. *Iqbal*, 556 U.S. at 680.

For the aforementioned reasons, Count II should be dismissed. To the extent dismissal is inappropriate, Worldpac asks this Court to order Plaintiff to provide a more definite statement in Count II, including showing why a private right of action exists and properly pleading the necessary elements of his claim.

### 3. Count III: Toxic Work Environment[3]

In the Petition, Plaintiff alleges as Count III that the Defendant fostered a "toxic work environment" and failed to maintain "a workplace free from undue stress and harassment" under O.C.G.A. § 34-7-20. (Pet., ¶ 20). The Petition fails to state a cause of action for toxic work environment under O.C.G.A. § 34-7-20 or any applicable law.

As argued previously, O.C.G.A. § 34-7-20 does not provide a private right of action upon which Plaintiff can rely to support his claim. Because there is no private cause of action provided in O.C.G.A. § 34-7-20, the statute cannot lay the foundation for Plaintiff's claim. *See State Farm Mut. Auto. Ins. Co..*, 312 Ga. App. at 761

---

[3] Aside from the issues of deficient factual pleading, Counts I and III are also duplicative as they are based on the same facts and damages and are not pleaded in the alternative. (Pet., ¶¶ 15, 21); *see United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1273 (11th Cir. 2009) (citing Federal Rule of Civil Procedure 8, which requires that alternative statements must be "set out"). Because Counts I and III are duplicative, they must be dismissed. To the extent dismissal is not appropriate, and to ensure judicial efficiency, Plaintiff should amend his claims as alternative causes of action.

11

(noting that the statutory text must expressly provide a cause of action to entitle the plaintiff to a remedy under the statute); *Snow*, 1995 WL 867859, at *11 ("Plaintiff cites no Georgia authority for the proposition that O.C.G.A. § 34–2–10, the duty of a property owner to provide a safe workplace, grants a private remedy for those injured apart from a claim of negligence.").

Moreover, and contrary to Plaintiff's assertions, O.C.G.A. § 34-7-20 does not concern an employer's duty to "maintain a workplace free from undue stress and harassment." (Pet., ¶ 20). Instead, O.C.G.A. § 34-7-20 concerns an employer's duty to hire and retain knowledgeable employees and to use care in operating machinery. O.C.G.A. § 34-7-20; *see generally Parry*, 87 Ga. App. at 56 (explaining a cause of action is based on "the selection of incompetent servants…[and] will authorize a cause of action in favor of any person who is injured as the direct and proximate result thereof").

Notably, like the other Counts in his Complaint, Plaintiff only makes conclusory allegations – here, that Defendant failed to provide a safe work environment and "maintain a workplace free from undue stress and harassment" without any support facts to which Defendant can respond. Again, conclusory allegations are inappropriate and need not be accepted as true for purposes of this Motion. *Iqbal*, 556 U.S. at 680.

12

Because there is no plausible cause of action based on the facts as pleaded, Count III should be dismissed. To the extent dismissal is inappropriate, Worldpac asks this Court to order Plaintiff to provide a more definite statement in Count III to assert why he has a private right of action and to properly put forth the elements of his claim.

### *4. Count IV: Assault and Battery*

In his Count IV, Plaintiff conclusorily alleges that Defendant, through assistant manager Eric Johnson, is "vicariously liable" for "physically assault[ing]" the Plaintiff without any further details in his Petition. (Pet., ¶ 22).

Count IV does not adequately plead how Worldpac is vicariously liable for the actions of another employee aside from inappropriately concluding Worldpac is liable. *See Villa Sonoma at Perimeter Summit Condo. Ass'n, Inc*., 349 Ga. App. at 667 (stating that the Court is under no obligation to adopt a party's legal conclusions asserted in its pleadings).

Because Worldpac is not liable for the actions of another employee, Plaintiff's Count IV should be dismissed. To the extent dismissal is inappropriate, Defendant requests the Court order Plaintiff to provide a more definite statement in Count IV, including facts which could support Worldpac's liability.

13

### 5. *Count V: Fraudulent Misrepresentation to the Department of Labor*

To the extent Count V is construed as a fraud claim and not an attempt to litigate unemployment insurance benefits, Count V still fails to state a claim upon which relief could be granted. Moreover, Count V lacks particularity as required under the applicable Federal Rules of Civil Procedure.

To set forth a cause of action for fraud, the Plaintiff must establish various elements, including "intention to induce the plaintiff to act or refrain from acting[.]" *Hansford v. Veal*, 369 Ga. App. 641, 645 (2023). Georgia law only allows recovery for "the party defrauded." § 51-6-1; *Gem City Motors, Inc. v. Minton*, 109 Ga. App. 842, 844 (1964) (stating the plaintiff must show a representation was made "with the intention and purpose of deceiving the *plaintiff*") (emphasis added); *TechBios, Inc. v. Champagne*, 301 Ga. App. 592, 594 (2009) ("To assert a claim for fraud in Georgia, a plaintiff must show… intention to induce *the party claiming fraud* to act or refrain from acting") (emphasis added).

Here, Plaintiff alleges a false statement was made to the Department of Labor – not to himself. Because Plaintiff was not the party defrauded, Plaintiff cannot maintain a cause of action for fraud.

Additionally, Plaintiff fails to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b). Instead, Plaintiff asserts, without support, that Worldpac made unknown misrepresentations. *See Quashie v. Olympus Am., Inc.*,

14

315 F. Supp. 3d 1329, 1340 (N.D. Ga. 2018) ("A blanket allegation that "defendants made misrepresentations" without any further specificity as to each defendant is insufficient."). Plaintiff completely failed to plead Count V with particularity and, therefore, Count V should be dismissed. *Brazil v. Janssen Rsch. & Dev. LLC*, 249 F. Supp. 3d 1321, 1340 (N.D. Ga. 2016) (dismissing fraud claims for failure to plead with particularity). To the extent dismissal is inappropriate, Worldpac requests Plaintiff amend his petition to plead fraud with particularity.

## **CONCLUSION**

As a threshold matter, Counts I, II, III, and IV fail due to preemption, and Count V fails due to failure to exhaust administrative remedies. Furthermore, all five counts of the Petition fail to state any plausible claim for relief. As such, Defendant Worldpac respectfully requests that this Court grant its Motion to Dismiss.

In the event any claims remain after dismissal, Worldpac asks this Court to order Plaintiff to file an Amended Petition within ten (10) days of the Court's order to cure all remaining deficiencies, and to the extent Plaintiff fails to timely comply with the Court's order, Worldpac requests dismissal with prejudice of Plaintiff's Petition. Further, should Plaintiff timely respond to the Court's order, Worldpac seeks an opportunity to move to dismiss the amended Petition following any filings.

Respectfully submitted this 24th day of March, 2025.

*<<signatures on the next page>>*

15

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

*/s/ Amy B. Cheng*_____
Amy B. Cheng
Georgia Bar No. 261897
Alissa N. Watson
Georgia Bar No. 518514
201 17th Street, NW, Suite 1700
Atlanta, Georgia 30363
(404) 322-6000 (Phone)
(404) 322-6050 (Fax)
amy.cheng@nelsonmullins.com
alissa.watson@nelsonmullins.com

Mitchell Boyarsky (*Pro hac vice* admitted)
330 Madison Avenue
27th Floor
New York, NY 10017
(212) 413-9000 (Phone)
(646) 428-2610 (Fax)
mitch.boyarsky@nelsonmullins.com

*Attorneys for Defendant Worldpac, LLC*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D**

Pursuant to LR 7.1D, counsel for Defendant certifies that the foregoing document has been prepared in Times New Roman 14-point font, one of the fonts approved in LR 5.1(B).

Respectfully submitted this 24th day of March, 2025,

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

*/s/ Amy B. Cheng*_____
Amy B. Cheng
Georgia Bar No. 261897
Alissa N. Watson
Georgia Bar No. 518514
201 17th Street, NW, Suite 1700
Atlanta, Georgia 30363
(404) 322-6000 (Phone)
(404) 322-6050 (Fax)
amy.cheng@nelsonmullins.com
alissa.watson@nelsonmullins.com

Mitchell Boyarsky ((*Pro hac vice* admitted)
330 Madison Avenue
27th Floor
New York, NY 10017
(212) 413-9000 (Phone)
(646) 428-2610 (Fax)
mitch.boyarsky@nelsonmullins.com

*Attorneys for Defendant Worldpac, LLC*

4911-2216-8614 v.9
4911-2216-8614 v.11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that I have filed a copy of the foregoing via the Court's e-filing system, and further, have mailed a true and accurate copy of the foregoing to the following address via certified mail:

> Jason Price
> 484 Bottesford Dr.
> Kennesaw, GA 30144

This the 24th day of March, 2025.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

*/s/ Amy B. Cheng*_____
Amy B. Cheng
Georgia Bar No. 261897
Alissa N. Watson
Georgia Bar No. 518514
201 17th Street, NW, Suite 1700
Atlanta, Georgia 30363
(404) 322-6000 (Phone)
(404) 322-6050 (Fax)
amy.cheng@nelsonmullins.com
alissa.watson@nelsonmullins.com

Mitchell Boyarsky (*Pro hac vice* admitted)
330 Madison Avenue
27th Floor
New York, NY 10017
(212) 413-9000 (Phone)
(646) 428-2610 (Fax)
mitch.boyarsky@nelsonmullins.com

***Attorneys for Defendant Worldpac, LLC***

4911-2216-8614 v.9
4911-2216-8614 v.11